KETCHUM & GASTON COMPANY, Appellee, v. FITZGERALD HARNESS & BUGGY COMPANY et al., Appellants.

**SALES:** Refusing Goods Because of Delayed Delivery. A sale in 1 which title has passed to the buyer by reason of delivery to a carrier, in accordance with the orders of the buyer, is in no wise defeated by subsequent delay on the part of the carrier in delivering the property, *unless the seller is in some manner responsible for such delay.* Failure of the seller to forward a bill of lading, and shipping over one of two permissible routes, are not sufficient to show such responsibility, unless such acts are shown to have been the proximate cause of the delay.

**SALES:** Routing the Goods. He who unqualifiedly orders goods, 2 without designation of route, impliedly authorizes the seller to choose any reasonable route.

*Appeal from Lyon District Court.*—W. D. BOIES, Judge.

OCTOBER 25, 1918.

ACTION to recover the purchase price of six sleds resulted in judgment as prayed. The defendant appeals.—*Affirmed.*

*Simon Fisher* and *L. A. Riter,* for appellants.

*W. H. White,* for appellee.

LADD, J.—The defendant, then engaged in business at Rock Rapids, caused to be transmitted to plaintiff, on February 10, 1916, the following telegram:

1. SALES: refusing goods because of delayed delivery.

"Have you any bobsleds on hand? If so, send six at once. Rush if have got them. Wire me, our expense."

The telegram was delivered at 1:53 o'clock P. M. of the same day, and the sleds delivered to the Min-

neapolis & St. Louis Railway Company before 5 o'clock in the afternoon, and billed over that road by the way of Abbot Crossing, via the Chicago, Rock Island & Pacific Railway, to defendant. A telegram reached the consignee, the same evening, advising it of the shipment. The sleds did not reach Rock Rapids until February 19th, at which time the snow had disappeared; and, as defendant's customers refused to take the sleds, the firm declined to accept them from the railway company.

The defendant answered that the sleds were to be immediately delivered, and that there was such delay as to justify refusal to accept them; and, by way of counterclaim in the first count, pleaded that the sleds had been shipped over a wrong and improper route, and that, because of this, and because of not transmitting the bill of lading, the transportation was delayed, when, but for plaintiff's negligence therein, they would have promptly reached the consignee.

In the second count of the counterclaim, the defendant pleaded that, customarily, a bill of lading is transmitted to the consignee at the same time merchandise is delivered to the common carrier; that plaintiff failed to furnish defendant a bill of lading, and not having this, defendant was unable to trace the goods; and because of this and the improper shipping, the transportation was unreasonably delayed: and the prayer was to be relieved from payment of the purchase price, and allowed $6 per sled as damages on the counterclaim, which defendant would have realized as profits.

Delivery of the sleds to the carrier in response to the telegraphic order passed title to defendant, subject only to the right of stoppage *in transitu;* and, as the order was silent as to route by which shipment was to 2. SALES: routing the goods. be made, selection thereof was impliedly left to the seller. *Leggett & Meyer T. Co. v. Collier, Robertson & Hambleton,* 89 Iowa

144. The delay in transportation, then, was in the carriage of defendant's goods; and the only other inquiry is whether this was consequent upon any negligence on the part of the seller. Conceding that, customarily, the bill of lading is forwarded to the purchaser upon the shipment of goods, the omission so to do could have worked no injury to defendant. The firm was advised by telegram, on the day of delivery to the carrier of this shipment; and as this was to . the purchaser, possession of such bill was not necessary, in order to obtain the goods. But it is said that possession thereof was essential to tracing the whereabouts of the goods and procuring them to be forwarded. They must have been shipped by the route mentioned, or via Ackley and then over the Illinois Central Railroad; and by mere inquiry, defendant could have ascertained by which route the sleds had been shipped, and had them followed up by a tracer accordingly. The mere absence of a bill of lading did not prevent tracing the goods. For all that appears, there was no delay owing to routing by way of Abbot Crossing. Moreover, on the day the sleds should have reached Rock Rapids, if carried on schedule time, defendant telegraphed plaintiff that they had not arrived; in response to which, plaintiff promised to start a tracer. Whether this was done, does not appear. At any rate, the absence of the bill of . lading furnished defendant no excuse for not taking all necessary precaution to procure the prompt transportation of the goods, and failure to forward same ought not to be adjudged the proximate cause of the delay. Nor does it appear that such delay was occasioned by shipment over one route instead of the other. Verdict was rightly directed, and the judgment is—*Affirmed.*

PRESTON, C. J., EVANS and SALINGER, JJ., concur.